UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRA LIBRE LAND TRUST, on behalf of Keith Allan: Goulet,<br><br>                    Petitioner,<br>     v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>                    Respondents. | CASE NO. C22-5277JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is Petitioner Terra Libre Land Trust's ("TLLT") petition for a writ of mandamus against Respondents Wells Fargo Bank, N.A., National Asset Management Group, JG Wentworth Home Lending LLC, Quality Loan Service Corporation of Washington, Kitsap County Corporation, Orange Coast Title Company, Solidifi Title Agency, Inc., Wells Fargo Home Mortgage, the Secretary of Veterans Affairs, the United States Department of Veterans Affairs, Fidelity National Title Insurance Company, and the law firm McCalla Raymer Liebert Pierce.  (Pet. (Dkt. # 1).)

ORDER - 1

The petition is purportedly brought by TLLT "on behalf of Keith Allan: Goulet, an American National, and not a 'US Citizen', and not a 'Citizen of the United States', by and through Terra Libre Land Washington, and it's [sic] 'Managing Trustee' Sterling Jay Shaw," pursuant to "'a limited Durable Power of Attorney' granted by Keith Allan: Goulet, on this particular subject matter." (*Id.* at 1.) The petition is signed only by Mr. Shaw. (*See id.* at 30.)

Federal Rule of Civil Procedure 11(a) requires "[e]very pleading" to be "signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Although parties may generally "plead and conduct their own cases," 28 U.S.C. § 1654, "that privilege is personal to" the party, *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). A non-attorney, thus, "has no authority to appear as an attorney for others." *See id.* (collecting cases); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (noting that "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity").

Mr. Shaw, the lone signatory to the petition, is alleged to be a "Managing Trustee" of TLLT or Terra Libre Land Washington, but not an attorney. (*See* Pet. at 1, 30.) Moreover, he purports to represent the interests of TLLT, Terra Libre Land Washington, or Mr. Goulet, not his own. (*See id.*) Accordingly, he may not represent other individuals or entities or sign pleadings on their behalf. *See C.E. Pope Equity Tr.*, 818 F.2d at 697-98. The fact that Mr. Goulet has apparently executed "'a limited Durable Power of Attorney' . . . on this particular subject matter" (Pet. at 1) does not authorize

Mr. Shaw, who appears to be a non-attorney, to sign pleadings on behalf of other parties, *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that "a general power of attorney" did not give non-attorney authority to represent another individual in litigation); *Greene v. Dantzler*, No. 215CV02096GMNPAL, 2017 WL 663672, at *1-2 (D. Nev. Jan. 27, 2017) (precluding *pro se* party from representing his brother even though brother had "signed a handwritten 'legal authorization' purportedly giving . . . power of attorney to file" the case), *report and recommendation adopted sub nom. Greene*, No. 215CV02096GMNPAL, 2017 WL 663241 (D. Nev. Feb. 15, 2017). Unless Mr. Shaw is an attorney, he may represent his own interests, as those are personal to him, but he may not represent TLLT, Terra Libre Land Washington, Mr. Goulet, or any other entities or individuals.

Accordingly, TLLT is ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this order why this case should not be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 11(a).

Dated this 4th day of May, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 3